UNITED STATES DISTRICT COURT
Southern District of Texas
Corpus Christi Division

| | |
|---|---|
| **Michael Warren,** | § |
| | § |
| **Plaintiff,** | § |
| *v.* | § C.A. _____ |
| **Capital Metropolitan Transportation** | § |
| **Authority,** | § |
| **Startran, Inc.,** | § |
| **MV Transportation Texas, Inc.,** | § |
| **and** | § |
| **Zenith American Solutions, Inc.,** | § |
| **Defendants.** | § |

### PLAINTIFF'S ORIGINAL COMPLAINT

To the Honorable United States District Judges for the Texas Southern District:

COMES NOW Plaintiff before these Honorable Courts, respectfully complaining of Defendant, averring in support thereof as follows:

### A. PARTIES

1. Plaintiff, MICHAEL WARREN, is an individual that is a domiciled resident citizen of the United States of America and the State of Texas.

1

2. Defendant, CAPITAL METROPOLITAN TRANSPORTATION AUTHORITY[1], a municipal independent transit authority, may be served by delivering a copy of the summons and of the Complaint to the president and chief executive officer, the Honorable Linda S. Watson.

3. Defendant, MV TRANSPORATION TEXAS, INC.[2], is a corporation that is incorporated under the laws of the State of Texas. Defendant has its principal place of business in the State of Texas. Defendant may be served with process by serving its registered agent, CT CORPORATION SYSTEM, at 1999 BRYAN ST., STE. 900, DALLAS, TX 75201.

4. Defendant, STARTRAN, INC.[3], is a corporation that is incorporated under the laws of the State of Texas. Defendant has its principal place of business in the State of Texas. Defendant may be served with process by serving its registered agent, DOROTHY L. WATKINS, at 2910 E. 5TH ST., AUSTIN, TX 78702.

5. Defendant, ZENITH AMERICAN SOLUTIONS, INC.[4], is a corporation that is incorporated under the laws of the State of Texas. Defendant has its principal place of business in the State of Texas. Defendant may be served with process by serving its

---

[1] Herein referred to as "Defendant Capital Metro."
[2] Herein referred to as "Defendant MV."
[3] Herein referred to as "Defendant Startran."
[4] Herein referred to as "Defendant Zenith."

registered agent, CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO, at 211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701.

### B. JURISDICTION

6. The Court has jurisdiction over the lawsuit because the suit arises under 29 U.S.C. §1201. Plaintiff Warren has a retirement benefits contract with Defendant Capital Metro, Defendant Startran. Defendant Capital Metro and Defendant Startran have breached the contract by not providing Plaintiff Warren his contractual retirement benefits.

### C. VENUE

7. Venue is proper in this District and Division under 28 U.S.C. §1391(b)(1) because Defendant MV, a sub-contractor of Capital Metro, has its principal place of business in this district. Defendant MV operates a place of business in this District and Division, as well as, Defendant MV has employees conducting business on behalf of Defendant Capitol Metro within this District and Division.

### D. CONDITIONS PRECEDENT

8. All conditions precedent have been performed or have occurred as required by contractual provisions or the law.

## E. FACTS

9. Plaintiff Warren has a contract with Defendant Capital Metro, Defendant Transtar, Defendant MV, and Defendant Zenith. A true and correct copy of the contract is attached as Exhibit 1, and it is incorporated by reference herein in its entireties for all purposes.

10. The contract provided that Plaintiff Warren would receive early retirement pay after a certain amount of years of employment. Plaintiff has been so employed the requisite number of years.

11. Defendant Capital Metro, Defendant Startran, Defendant MV, and Defendant Zenith did not pay Plaintiff Warren his early retirement pay or provide to him his other earned retirement benefits, despite Plaintiff Warren reaching the contractually required amount of years to receive early retirement benefits.

12. Defendant Zenith is in possession of the retirement funds owed to Plaintiff Warren, and Defendant Zenith has not released said funds.

## F. BREACH OF CONTRACT

13. Plaintiff Warren has performed all of his obligations under the contract.

14. Defendant Capital Metro, Defendant Startran, and Defendant Zenith have not performed its contractual obligations. Specifically, Defendant Capital Metro, Defendant Startran, and Defendant Zenith have not paid the contractually owed amount to Plaintiff Warren. Defendant's nonperformance are material breaches of the parties' contract.

### G. SPECIFIC PERFORMANCE

15.     Plaintiff Warren reasserts, repleads and incorporates by reference the factual allegations contained in the preceding paragraphs and those that hereinafter follow.

16.     In the alternative, Plaintiff Warren seeks specific performance of the Contract by Defendant Capital Metro, Defendant Transtar, Defendant MV, and Defendant Zenith. This Court should Order the Defendants to honor the terms of the Parties' contract.

### H. DAMAGES

17. As a direct and proximate result of Defendant Capital Metro, Defendant Transtar, Defendant MV, and Defendant Zenith's breach, Plaintiff Warren suffered the following damages.

    a.     The amount that remains due to Plaintiff Warren under the terms of the contract.

    b.    Reasonable expenses in reliance on Defendant Capital Metro, Defendant Transtar, Defendant MV, and Defendant Zenith's performance of the contract.

    c.    The value of his other retirement benefits.

## I. ATTORNEY FEES

18. As a result of Defendant Capital Metro's breach, Plaintiff Warren retained an attorney and seeks reimbursement for his reasonable attorney fees and Court costs, as authorized by law.

## J. PRAYER

19. For these reasons, Plaintiff Warren asks for judgment against Defendant Capital Metro, Defendant Transtar, Defendant MV, and Defendant Zenith for the following:

    a.    An excess of $75,000.00USD for damages resulting from Defendant Capital Metro, Defendant Transtar, Defendant MV, and Defendant Zenith's contractual breaches.

    b.    Specific performance of the Contract by Defendant Capital Metro, Defendant Transtar, Defendant MV, and Defendant Zenith.

    c.    Reasonable attorney fees.

    d.    Prejudgment and postjudgment interest.

e.  Costs of suit.

f.  All other relief the Court deems appropriate.

g.  Plaintiff prays that this Honorable Court grant him all other relief at law or in equity to which he might be entitled as this Court may deem meet, just and proper.

h.  Plaintiff prays for general relief.

i.  Plaintiff demands a trial by jury.

Respectfully submitted,

By: /s/ Donald T. Cheatham
Donald T. Cheatham
Attorney at Law
SBN: 24029925
SDTX: 32456
7500 San Felipe Road,
Suite 600
Houston, TX 77063
Telephone: 713-335-8945
Facsimile: 713-335-8945
Email: cheathamlaw@aol.com

By: /s/ Christopher Augustine Gabel
Christopher Augustine Gabel
Gabel Law, PLLC
SBN: 24089408
SDTX: 2373978
13110 Southwest Freeway
Sugar Land, TX 77478
Telephone: 512-919-9962
Email: chris@gabellawyer.com